# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
OSEAS SANTIAGO, JR.,         )
                             )
          Plaintiff,         )
                             )
     v.                      )        1:15CV589
                             )
SOUTHERN HEALTH PARTNERS,    )
et al.,                      )
                             )
          Defendants.        )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Plaintiff's request for a preliminary injunction (Docket Entry 7). For the reasons that follow, the Court should deny that request.

### BACKGROUND

On July 20, 2015, Plaintiff filed a pro se Complaint, which (construed liberally) asserts a cause of action, pursuant to 42 U.S.C. § 1983, alleging that Defendants (a physician assistant, a nurse, and an entity for/with whom they work) violated Plaintiff's federal constitutional rights by acts and/or omissions amounting to deliberate indifference to his serious medical needs during his confinement at the Hoke County Detention Center. (Docket Entry 2.) The Complaint requests damages, as well as the following injunctive relief: "that the [C]ourt have [Defendant] Southern Health Partners provide [Plaintiff] with a diagnoses [sic] on [his] back and stomach by a doctor or a specialist." (Id., ¶ VI.)

On October 20, 2015, Plaintiff filed an "Order to Show Cause for an [sic] Preliminary Injunction" (Docket Entry 7) (which the Clerk properly docketed as a "Motion for a Preliminary Injunction"), along with a Declaration (Docket Entry 8) and Memorandum of Law (Docket Entry 9). Plaintiff's Motion for a Preliminary Injunction asks the Court (1) to enjoin Defendants "from intentionally failing to provide medical care that would prevent suffering and knowingly interfering with treatment" (Docket Entry 7 at 1) and (2) to order "that [D]efendants [] make an appointment for [P]laintiff[] to be seen by a physician" (id.).

## DISCUSSION

"A preliminary injunction is an extraordinary remedy afforded prior to trial that temporarily provides <u>the relief that can be granted permanently after trial</u>." <u>BASF Agro B.V. v. Makhteshim Agan of N. Am., Inc.</u>, No. 1:10CV276, 2011 WL 2135129, at *1 (M.D.N.C. May 27, 2011) (unpublished) (Osteen, Jr., J.) (emphasis added) (internal quotation marks omitted). As the Background section documents, the only injunctive relief Plaintiff's Complaint seeks (and thus the only injunctive relief he could receive after trial) is an order directing Defendant Southern Health Partners to provide Plaintiff with an opportunity to obtain a diagnosis for his back and stomach from a doctor. To the extent the instant Motion for a Preliminary Injunction requests anything beyond that specific injunctive relief, it is subject to denial for exceeding the scope

2

of Plaintiff's Complaint.  See, e.g., Church of Holy Light of Queen v. Holder, 443 F. App'x 302, 303 (9th Cir. 2011) ("The injunction is therefore overly broad because it reaches beyond the scope of the complaint . . . .").

As to the request for a preliminary injunction directing Defendant Southern Health Partners to provide Plaintiff with an opportunity to obtain a diagnosis on his back and stomach from a doctor, the Court should deny relief for at least two reasons. First, Plaintiff's Declaration acknowledges that, "[o]n August 25, 2015[, he] went to the ER, where [a] Doctor [] attended [him and] . . . medicine [was] prescribed [to him] . . . ." (Docket Entry 8 at 1.) Accordingly, it appears that Plaintiff's request to see a doctor to obtain a diagnosis is moot.

Second, to the extent Plaintiff's request for an opportunity to obtain a diagnosis on his back and stomach by visiting a doctor is not moot, Plaintiff has failed to satisfy the conditions for issuance of a preliminary injunction.  "To obtain a preliminary injunction, a plaintiff must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  BASF Agro, 2011 WL 2135129, at *1 (internal quotation marks omitted) (brackets in original) (emphasis added); see also id. at *7 ("[A] plaintiff must satisfy all four prongs of

3

the pertinent test in order to obtain a preliminary injunction . . . ."). At a minimum, Plaintiff has not shown a likelihood of success on the merits of his deliberate indifference claim.

"Deliberate indifference is a very high standard [and] a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Instead, to make out his claim of deliberate indifference, Plaintiff must prove (in addition to the existence of a serious medical need), these two aspects of the Defendants' mental state:

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the [official] should have recognized it; [he or she] actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his [or her] actions were inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official should have recognized that his [or her] actions were inappropriate; the official actually must have recognized that his [or her] actions were insufficient.

Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations, emphasis, and quotation marks omitted). "The subjective component therefore sets a particularly high bar to recovery." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

A review of Plaintiff's filings, including his Complaint, Motion for Preliminary Injunction, Declaration, and Memorandum of Law, confirms that he has not come close to establishing a likelihood of success in meeting the "particularly high bar," id., of proving that Defendants "subjectively recognized a substantial

4

risk of harm [to him]" and "subjectively recognized that [their] actions were inappropriate in light of that risk," Parrish, 372 F.3d at 303; to the contrary, Plaintiff has merely offered largely conclusory factual allegations that appear, at their core, to describe a dispute about pain-management (see Docket Entry 2, ¶ V (alleging that "[Defendant] Southern Health Partners failed to properly treat [Plaintiff's] back and digestive problems," that "[Defendant Nurse] Jessica also showed deliberate indifference to [Plaintiff's] serious medical needs by ignoring [his] requests to be treated and [his] grievances of improper treatments," that "[Defendant Physician Assistant] Maldonado showed deliberate indifference to [Plaintiff's] serious medical needs . . . [by] refus[ing] to properly and affectively [sic] treat [his] ongoing pain" and "[by] telling [him] 'you'll live'")).[1]

---

[1] Neither Plaintiff's Motion for a Preliminary Injunction nor his Memorandum of Law contains any factual allegations. (See Docket Entries 7, 9.) Moreover, as noted above, Plaintiff's Declaration concedes that he recently was seen by a doctor, who prescribed medication. (Docket Entry 8 at 1.) Although the Declaration states that said doctor recommended further evaluation, "if the medicine that he prescribed [Plaintiff] did not aliviate [sic] [his] condition" (id. (emphasis added)), and that "[Defendant] Southern Health Partners refuses to allow [Plaintiff] to see a physician [for such further evaluation unless 'his] family pays for it'" (id.), the Declaration provides nothing beyond conclusory statements to suggest that the newly-prescribed medicine will not reasonably address any condition Plaintiff endures (see id. ("I am in serious pain daily that significantly effects [sic] daily activities. . . . . Immediate and irreparable injury and damage will result if my condition is not treated. It is possible that my back condition can lead to paralysis.")).

5

In sum, "Plaintiff may disagree with the decisions that the medical care providers have made about the medicines that he is or has been taking, the pace in scheduling diagnostic tests, or the manner in which they responded to his grievances. These disagreements, however, generally implicate medical judgments by the practitioners, and likely are insufficient to support [his federal constitutional] claim of deliberate indifference to medical care." Simpson v. Rodas, No. 10CV6670(CS), 2012 WL 4354832, at *11 (S.D.N.Y. Sept. 21, 2012) (unpublished) (internal quotation marks omitted).

## CONCLUSION

"As Plaintiff[] ha[s] failed to demonstrate that [he is] likely to succeed on the merits, [his] Motion for a Preliminary Injunction must be denied." BASF Agro, 2011 WL 2135129, at *7.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for a Preliminary Injunction (Docket Entry 7) be denied.

                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                        **United States Magistrate Judge**

December 7, 2015