# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

OSEAS SANTIAGO, JR.,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     1:15CV589
                                  )
SOUTHERN HEALTH PARTNERS,         )
et al.,                           )
                                  )
          Defendants.             )

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on "Defendant Southern Health Partners on Behalf of Defendant 'Nurse Jessica' and Defendant PA Maldonado's Motion to Set Aside Entry of Default and to Quash Service of Defendant 'Nurse Jessica'" (Docket Entry 18) (the "Motion to Set Aside Default"). For the reasons that follow, the Court will set aside the Entry of Default (Docket Entry 12).[1]

## I. BACKGROUND

Plaintiff's Complaint asserts a cause of action under 42 U.S.C. § 1983 against Defendant Southern Health Partners ("SHP"),

---

[1] The Entry of Default (and thus the decision to set aside or to leave in effect such an entry) constitutes a pretrial matter that does not dispose of any claim or defense; as a result, courts treat motions of this sort as subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). See, e.g., Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002); L & M Cos., Inc. v. Biggers III Produce, Inc., No. 3:08CV309-RJC-DCK, 2010 WL 1439411, at *8 & n.3 (W.D.N.C. Apr. 9, 2010) (unpublished). Under these circumstances, the undersigned United States Magistrate Judge will enter an order rather than a recommendation on Defendants' request to set aside the Entry of Default.

Defendant Jessica Patterson, RN ("Defendant Jessica"), and Defendant Manuel Maldonado, PA-C ("Defendant Maldonado"), for allegedly violating his federal constitutional rights by acts and/or omissions amounting to deliberate indifference to his serious medical needs during his confinement at the Hoke County Detention Center. (Docket Entry 2.)[2] The Complaint requests monetary damages and injunctive relief. (Id. at 3-4.)

The record reflects that Plaintiff addressed one "Summons in a Civil Action" to "Nurse Jessica" and another Summons to "PA Maldonado." (Docket Entry 6 at 3, 5; see also Docket Entry 10 at 2; Docket Entry 10-2 at 2.) According to affidavits from the United States Marshals Service, these Summonses and copies of Plaintiff's Complaint were sent by certified mail to "2030 Hamilton Place Blvd, Suite 146 Chattanooga, TN 37421," where an "unknown" person signed for them. (Docket Entries 10, 10-2.)

Neither Defendant Jessica nor Defendant Maldonado responded to Plaintiff's Complaint. (See Docket Entries dated Jul. 20, 2015, to present.) Accordingly, Plaintiff filed a "Declaration for Entry of Default" (Docket Entry 11), and the Clerk of Court entered default against Defendant Jessica and Defendant Maldonado (Docket Entry

---

[2] The Complaint identifies Defendant Jessica and Defendant Maldonado as respectively, "Nurse Jessica" and "PA Maldonado." (See Docket Entry 2 at 3.)

12).³  Thereafter, Defendant Maldonado and SHP (on behalf of Defendant Jessica) filed the Motion to Set Aside Default, requesting that this Court set aside the Entry of Default under Rule 55(c) of the Federal Rules of Civil Procedure (the "Rules"). (Docket Entry 18.)⁴  In support of the Motion to Set Aside Default, Defendants offer the Affidavits of Defendant Maldonado (Docket Entry 18-2) and Janet Stephens (Docket Entry 18-1).⁵  Plaintiff responded to the Motion to Set Aside Default, agreeing that the Court should set aside the defaults against Defendant Jessica and Defendant Maldonado.  (Docket Entry 24, ¶ 3.)

## II. STATEMENT OF UNDISPUTED FACTS

For purposes of deciding the Motion to Set Aside Default, the undisputed facts in Defendants' affidavits establish that:

---

³ The Clerk declined to enter a default against SHP (see Docket Entry 12), which filed an Answer (Docket Entry 17) to Plaintiff's Complaint shortly before bringing the Motion to Set Aside Default.

⁴ The Motion to Set Aside Default also seeks to quash service of the Summons on Defendant Jessica. (Docket Entry 18.) The Court bears an obligation to assist Plaintiff in obtaining service of process upon Defendant Jessica. See generally Greene v. Holloway, No. 99-7380, 210 F.3d 361 (table), 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (unpublished). Accordingly, the Court will order that SHP provide the Clerk the last known address of Defendant Jessica. Under these circumstances, the Court finds as moot the request to quash service upon Defendant Jessica.

⁵ Janet Stephens is Vice President of Quality Assurance at SHP's corporate office in Chattanooga, Tennessee. (Docket Entry 18-1, ¶ 1.)

1. SHP's corporate office address is "2030 Hamilton Place Blvd, Suite 140, Chattanooga, TN 37421." (Docket Entry 18-1, ¶ 1.)

2. Neither Defendant Jessica nor Defendant Maldonado worked at SHP's corporate office in Chattanooga, Tennessee. (Id., ¶¶ 5, 8; Docket Entry 18-2, ¶ 3.)

3. Defendant Jessica formerly worked for SHP at the Hoke County Detention Center (Docket Entry 18-1, ¶ 3), but "has not worked for SHP since November 2014" (id., ¶ 4).[6]

4. "SHP has attempted to contact [Defendant Jessica] by telephone but has been unable to do so. [As of December 4, 2015], SHP has not been able to contact [Defendant Jessica] to inform her of the existence of th[is] lawsuit." (Id., ¶ 6.)

5. Defendant Maldonado "reside[s] in Charlotte, North Carolina." (Docket Entry 18-2, ¶ 2.)

6. Defendant Maldonado is "not employed by SHP but works as an independent contractor" (id., ¶ 1), "provid[ing] medical services at the Hoke County Detention Center . . . pursuant to a contract with SHP" (Docket Entry 18-1, ¶ 7; see also Docket Entry 18-2, ¶ 1 (same)).

---

[6] Although Plaintiff states that "[Defendant Jessica]'s provider was SHP when she violated [his] rights," (Docket Entry 24, ¶ 1), Plaintiff does not dispute SHP's assertion that Defendant Jessica has not worked for SHP since November 2014 (see id. at 1-3).

4

7.  "[Defendant Maldonado] did not receive the original or a copy of a Summons and/or Complaint in [this case] until December 3, 2015."  (Docket Entry 18-2, ¶ 4.)

## III. DISCUSSION

In his response, Plaintiff agrees that the Court should set aside the entries of default.  (See Docket Entry 24, ¶ 3 ("I think it would be fair for [Defendant] Maldonado and [Defendant] Jessica to give their side of the story.").)  Plaintiff's consent coupled with the United States Court of Appeals for the Fourth Circuit's "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," Colleton Prep. Acad., Inc. v. Hoover, Universal Inc., 616 F.3d 413, 417 (4th Cir. 2010), constitute sufficient grounds for granting the Motion to Set Aside Default.

Moreover, the traditional Rule 55(c) analysis also favors setting aside the defaults.  Under the Rules, "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Per the Fourth Circuit,

> [w]hen deciding whether to set aside an entry of default, a district court should consider [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

Payne v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006).  In light of the preference for merits-based dispositions, see Colleton Prep.,

5

616 F.3d at 417, the Court must liberally construe Rule 55(c) "to provide relief from the onerous consequences of defaults and default judgments," Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (internal quotation marks omitted).

**i. Meritorious Defense**

With respect to the first factor, "[a] meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . ." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); see also United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."); Maryland Nat'l Bank v. M/V Tanicorp I, 796 F. Supp. 188, 190 (D. Md. 1992) ("The mere assertion of a meritorious defense is not enough, Defendant must state the underlying facts to support the defense.").

In this case, Plaintiff alleges that Defendant Jessica and Defendant Maldonado showed "diliberate [sic] indifference to [his] serious medical needs." (Docket Entry 2 at 4.) "Deliberate indifference is a very high standard," Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999), requiring Plaintiff to prove (in addition to the existence of a serious medical need), two aspects of Defendants' mental state:

6

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the [official] should have recognized it; [he or she] actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his [or her] actions were inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official should have recognized that his [or her] actions were inappropriate; the official actually must have recognized that his [or her] actions were insufficient.

Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations, emphasis, and internal quotation marks omitted). "The subjective component therefore sets a particularly high bar to recovery." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Defendant Maldonado's affidavit provides evidence supporting a "meritorious defense" to Plaintiff's claim. In his affidavit, Defendant Maldonado asserts that "[he] was never deliberately indifferent to the medical needs of [Plaintiff]. [He] provided or caused to be provided to [Plaintiff] all care that [he] deemed to be medically necessary." (Docket Entry 18-2, ¶ 7.) Defendant Maldonado then details Plaintiff's medical treatment from March 2013 through September 2015. (Id., ¶ 8.) Finally, Defendant Maldonado asserts that "[Plaintiff] was provided medical attention and we responded to his sick call requests. [Plaintiff] received his prescribed medication and had X-rays. Medical personnel were always responsive to his medical needs." (Id., ¶ 9.)

7

Defendant Maldonado's affidavit thus contends that he did not subjectively recognize a substantial risk of harm or perceive any risk in providing (or failing to provide) Plaintiff with medical treatment. As such, Defendant Maldonado's affidavit challenges in a non-conclusory fashion the Complaint's allegation that Defendant "Maldonado showed diliberate [sic] indifference to [Plaintiff's] serious medical needs" (Docket Entry 2 at 4). Accordingly, Defendant Maldonado has shown a meritorious defense to this action. This factor thus weighs in favor of setting aside the Entry of Default as to Defendant Maldonado.

Defendant Jessica, meanwhile, has not appeared in the lawsuit and thus has not provided information regarding any meritorious defense. On these facts, this factor neither supports nor undermines the request to set aside the entry of default as to Defendant Jessica.

**ii. Reasonable Promptness**

Second, the Motion to Set Aside Default was filed less than five months after Plaintiff initiated this action and only eight days after the entry of default. (See Docket Entries 2, 12, 18.) Recognizing that "[w]hether a party has taken 'reasonably prompt' action . . . must be gauged in light of the facts and circumstances of each occasion," Moradi, 673 F.2d at 727, the Court notes that other courts addressing this issue have found much longer delays reasonable, see, e.g., Lolatchy, 816 F.2d at 952–54 (permitting

8

case to proceed on the merits although moving party delayed ten months after default entered before moving to set aside default); Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding that reasonable promptness factor weighed in favor of setting aside default where moving party did not respond for more than two months after default entered). Accordingly, the second factor favors setting aside the Entry of Default.

### iii. Personal Responsibility

Third, neither Defendant Jessica nor Defendant Maldonado appears responsible for the Entry of Default. The Affidavits of Service reveal that Plaintiff requested service of both Defendant Jessica and Defendant Maldonado at SHP's corporate office in Chattanooga, Tennessee. (See Docket Entries 10, 10-2 (Summonses to Defendant Jessica and Defendant Maldonado addressed to "2030 Hamilton Place Blvd, Suite 146 Chattanooge, TN 27421"); Docket Entry 18-1, ¶ 1 (listing SHP's corporate office address as "2030 Hamilton Place Blvd, Suite 140, Chattanooga, TN 27421").) Neither Defendant Jessica nor Defendant Maldonado works at SHP's corporate office in Chattanooga, Tennessee. (Docket Entry 18-1, ¶¶ 5, 8; Docket Entry 18-2, ¶ 3.) Moreover, although Plaintiff filed this action in July 2015 (see Docket Entry 2 at 1), Defendant Jessica "has not worked for SHP since November 2014" (Docket Entry 18-1, ¶ 4). In addition, "SHP has been unable to contact [her] to inform her of the existence of th[is] lawsuit." (Id., ¶ 6.)

9

Defendant Maldonado "reside[s] in Charlotte, North Carolina." (Docket Entry 18-2, ¶ 2.) He is "an independent contractor who provides medical services at the Hoke County Detention Center . . . pursuant to a contract with SHP." (Docket Entry 18-1, ¶ 7; see also Docket Entry 18-2, ¶ 1 (same).) Defendant Maldonado contends that he "did not receive the original or a copy of a Summons and/or Complaint in [this action] until December 3, 2015" (Docket Entry 18-2, ¶ 4), after the Clerk entered default against him (see Docket Entry 12 (Entry of Default entered Nov. 27, 2015)). Defendant Maldonado further asserts that he never received Plaintiff's "Declaration for Entry of Default" (Docket Entry 11), although he now "understand[s] that a lawsuit has been filed against [him] and an Entry of Default has been entered. . . . [and] [he] request[s] that the Court lift the Entry of Default to allow [him] to defend the claims made against [him] in this lawsuit." (Docket Entry 18, ¶¶ 5, 10.)

It thus appears that Defendant Jessica and Defendant Maldonado were not properly served in this action. See Fed. R. Civ. P. 4(e) (providing the Rules for serving an individual within a judicial district of the United States); see also N.C. R. Civ. P. 4(j)(1) (providing the North Carolina rule for service upon a "natural person"); Tenn. R. Civ. P. 4.04(1) (providing the Tennessee rule for service upon an "individual"). As a result, Defendants bear no

10

responsibility for any default. This factor therefore weighs in favor of setting aside the Entry of Default.

### iv. Prejudice

Fourth, setting aside the default will not prejudice Plaintiff. "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." Colleton Prep., 616 F.3d at 418. Further, "no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." Id. at 419. Instead, relevant prejudice involves "missing witness[es] . . . whose testimony was made unavailable by the delay; . . . dead witness[es]; . . . records made unavailable by the delay[;] . . . [or] evidence for the plaintiff which could have been presented earlier, the presentation of which was prevented by the delay." Lolatchy, 816 F.2d at 952. The absence of such prejudice here weighs in favor of setting aside the Entry of Default.

### v. History of Dilatory Action

Fifth, neither Defendant Jessica nor Defendant Maldonado has engaged in dilatory litigation conduct. (See Docket Entries dated Jul. 20, 2015, to present.) Therefore, this factor supports setting aside the Entry of Default.

11

### vi. Less Drastic Sanctions

Sixth, "[n]either party has suggested alternative sanctions, but the Court [can] certainly consider any suggestions that are brought before it, such as a motion for reimbursement of Plaintiff's costs associated with [his] . . . response to [the] [M]otion to [S]et [A]side [D]efault. Therefore, this factor counsels in favor of setting aside default." Pinpoint IT Servs., LLC v. Atlas IT Export Corp., No. 2:10CV516, 2011 WL 2748685, at *15 (E.D. Va. Jul. 13, 2011) (unpublished) (citation omitted).

### vii. Summation of Factors

In sum, the second, third, fourth, fifth, and sixth Payne factors favor setting aside Defendant Jessica's default, with the remaining factor neutral. Meanwhile, all six Payne factors favor setting aside Defendant Maldonado's default. The Court thus finds "good cause" to set aside the Entry of Default against Defendant Jessica and Defendant Maldonado.

## IV. CONCLUSION

Plaintiff agrees, and good cause exists, to set aside the Entry of Default against Defendant Jessica and Defendant Maldonado.

**IT IS THEREFORE ORDERED** that the Motion to Set Aside Default (Docket Entry 18) is **GRANTED IN PART** in that the Entry of Default (Docket Entry 12) against Defendant Jessica and Defendant Maldonado is hereby **SET ASIDE**, but the Motion to Set Aside Default is otherwise **DEEMED MOOT**.

**IT IS FURTHER ORDERED** that Defendant Maldonado shall have through and including March 1, 2016, to answer or otherwise respond to Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that, on or before March 1, 2016, SHP shall file under seal, pursuant to this Court's Local Rules 5.4(a) and (g)(1), its last known address for Defendant Jessica.

**IT IS FURTHER ORDERED** that the Clerk shall prepare a summons with Defendant Jessica's last known address as provided by SHP and that the United States Marshals Service shall serve that summons and the Complaint on Defendant Jessica. The Clerk shall publicly docket only a redacted version of the Summons and/or Affidavit of Service as to Defendant Jessica.

                                          /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                              **United States Magistrate Judge**

February  9 , 2016