# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OSEAS SANTIAGO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15cv589 |
| ) | |
| SOUTHERN HEALTH PARTNERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the "Motion for Discovery" (Docket Entry 34) (the "Motion to Compel") filed by Oseas Santiago, Jr. (the "Plaintiff"). For the reasons that follow, the Court will grant in part and deny in part the Motion to Compel.

## BACKGROUND

In July 2015, Plaintiff filed a pro se Complaint against a physician's assistant ("PA Maldonado"), a nurse ("Nurse Jessica"), and the health provider with which PA Maldonado and Nurse Jessica worked ("Southern Health Partners") (collectively, the "Defendants") for allegedly engaging in acts and/or omissions amounting to deliberate indifference to his serious medical needs during his confinement at the Hoke County Detention Center. (Docket Entry 2.) In the Complaint, Plaintiff sought "compensation for the pain and suffering [Defendants] caused," "any medical or legal fees that pertain to [his] claim," and injunctive relief requiring "Southern Health Partners [to] provide [Plaintiff] with

a diagnos[i]s on [his] back and stomach by a doctor or a specialist." (Id., ¶ VI.)

In November 2015, Plaintiff obtained entry of default against PA Maldonado and Nurse Jessica. (See Docket Entry 12 at 1.)[1] In December 2015, Southern Health Partners answered the Complaint (see Docket Entry 17), and moved to set aside the entry of default (see Docket Entry 18). Plaintiff agreed that "it would be fair" to set aside the entry of default. (Docket Entry 24 at 1.) Plaintiff asked, though, that "Southern Health Partners produce for inspection . . . [a]ny and all medical records of Plaintiff from the time of his incarceration in Hoke County Detention Center [to] and including the date of [Southern Health Partners'] response to this request." (Id. at 2.) In making this request, Plaintiff emphasized that he "cannot give the proper and accurate facts in this case without his medical records." (Id.; see also Docket Entry 23 at 1 ("Southern Health Partners refuses to provide [Plaintiff] a copy of [his] health records, which prevents [him]

---

1 Plaintiff sought entry of default against all Defendants (see Docket Entry 12 at 1), but the Clerk declined to enter default against Southern Health Partners, as no summons served on Southern Health Partners in October 2015 properly identified Southern Health Partners as the named defendant (id. at 1-2; see Docket Entries 6, 10, 10-1, 10-2; see also Text Order dated Dec. 4, 2015). (Citations herein to Docket Entry pages utilize the document's internal pagination if unified internal pagination exists. In the absence of such pagination, the Docket Entry page citations utilize the CM/ECF footer's pagination.)

2

from providing the facts that [he] need[s] to prove the truth of [his] allegations.").)

In February 2016, the Court set aside the entry of default (Docket Entry 28 at 12), and PA Maldonado and Nurse Jessica answered the Complaint (see Docket Entry 32). Thereafter, the Court entered a scheduling order, which imposed a discovery deadline of September 6, 2016. (Text Order dated Mar. 4, 2016.)[2]

In April 2016, Plaintiff requested leave to amend his Complaint. (See Docket Entry 33.) Plaintiff explained that, "[s]ince the filing of the [C]omplaint[,] the Defendants have begun to provide proper treatment and have scheduled appointments to see a specialist. Which was a relief requested." (Id., ¶ 3.) Accordingly, Plaintiff stated, he "no longer seeks compensatory or punitive damages." (Id., ¶ 4.) Per the amendment, however, Plaintiff continued to request "[a] declaration that the acts and omissions of the Defendants violated Plaintiff[']s rights under the Constitution and laws of the United States[,]" his "cost in this suit," and "[a]ny additional relief this [C]ourt deems just, proper, and equitable." (Id., ¶¶ 5, 7, 8.) The Court allowed the amendment. (See Text Order dated July 15, 2016.)

Also in April, Plaintiff brought the Motion to Compel, asking for an order "compelling Defendants . . . to produce . . . the

---

2  The Court also mandated that the parties "file any motion seeking leave to amend pleadings or to add parties by [May 6,]2016." (Id.)

3

following documents: [1] Health Records of [Plaintiff] from October 7th, 2010 to present. [2] Any policy, rules, and regulations for the medical treatment of inmates at Hoke County Detention Center." (Docket Entry 34 at 1.) In support, Plaintiff stated that "[he] submitted multiple written request[s] for these documents, the last one being on March 25, 2016[,] but [he] ha[s] not yet received the documents." (Id.) Defendants have objected to producing the requested discovery. (See Docket Entry 36.)

**DISCUSSION**

**I. Discovery Standards**

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment. Therefore, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). However, "the simple fact that requested information is discoverable . . . does not mean that discovery must be had. On its own initiative or in response to a motion for protective order under [Federal Rule of Civil Procedure] 26(c), a district court may limit [discovery] . . . ." Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 543 (4th Cir. 2004). As such, "[d]istrict courts enjoy nearly unfettered discretion to control

4

the timing and scope of discovery." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 426 (4th Cir. 1996); accord Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012) (observing that "[d]istrict courts are afforded broad discretion with respect to discovery"). Litigants may enforce their discovery rights by filing a motion to compel. See Fed. R. Civ. P. 37(a).

## II. Production Requests

### A. Defendants' Overarching Objection

In opposing the Motion to Compel, Defendants generally contend that

> Plaintiff has not demonstrated a need for disclosure of the information requested, particularly in view of the fact that Plaintiff is no longer seeking damages in this case. *See* Plaintiff's Motion for Leave to File an Amended Complaint [D.E. 33] at 2 ("Plaintiff no longer seeks compensatory or punitive damages."). Accordingly, the broad, limitless requests Plaintiff has made are grossly disproportional to the needs of this case.

(Docket Entry 36 at 3.)

As an initial matter, Defendants' assertion that Plaintiff bears the burden of "demonstrat[ing] a need for disclosure of the information requested" (id.) inverts the longstanding rule in this Circuit that the parties resisting discovery bear the burden of persuasion in a discovery dispute. See, e.g., Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243-44 (M.D.N.C. 2010) (explaining that, "[o]ver the course of more than four decades, district judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the

5

party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion," and collecting cases). Defendants offer no justification for departing from this well-established approach. (See Docket Entry 36.) Nor do the recent amendments to Rule 26 require shifting the burden of persuasion in all discovery disputes to the party seeking discovery. See, e.g., Fed. R. Civ. P. 26 advisory committee's notes, 2015 Amendment ("Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations."); see also id. ("Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."). Under the circumstances of this case, the Court declines to depart from fifty years' worth of precedent by imposing the burden of persuasion in this discovery dispute upon Plaintiff. See Kinetic, 268 F.R.D. at 243-44 (collecting cases, including "Pressley v. Boehlke, 33 F.R.D. 316, 318 (W.D.N.C. 1963) ('[T]he burden is on defendant to show his objections to [discovery] should be sustained.')" (first alteration in original)).

In assessing proportionality, the Court notes that Plaintiff originally sought three forms of relief: medical treatment, "any medical or legal fees that pertain to this claim," and

6

"compensation for the pain and suffering caused by" Defendants' actions. (Docket Entry 2, ¶ VI.) Via his amendment, Plaintiff relinquished any demand for medical treatment and compensatory damages, but continues to seek reimbursement for his "cost in this suit." (See Docket Entry 37, ¶¶ 4-8.) At a minimum, this requested relief encompasses Plaintiff's $400 filing fee. (See Docket Entry 3 at 1-2 (requiring Plaintiff to pay $400 filing fee).) For proportionality purposes, however, the reduced monetary stakes represents "only one factor, to be balanced against other factors." Fed. R. Civ. P. 26 advisory committee's notes, 2015 Amendment; see also Fed. R. Civ. P. 26(b)(1) (listing as "consider[ations]" pertinent to proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

### B. Medical Records Request

Plaintiff seeks his medical records for the period of his incarceration at Hoke County Detention Center. (See Docket Entry 34 at 1 (moving to compel production of "Health Records of [Plaintiff] from October 7th, 2010 to present"); see also Docket Entry 24 at 2 (requesting the "medical records of Plaintiff from the time of his incarceration in Hoke County Detention Center" to

7

the present).) Defendants oppose this request on the grounds that "the Health Insurance Portability and Accountability Act of 1996 ('HIPAA'), specifically 45 CFR [§] 164.524(a)(2)(ii)," bars dissemination "of protected health information," including "[r]eleasing a copy of Plaintiff's medical record [to Plaintiff] while [he] remains incarcerated [because it] would jeopardize the health, safety, security, custody, or rehabilitation of [Plaintiff] or other inmates, or the safety of officers, employees, and others." (Docket Entry 36 at 2.) Defendants also maintain that this request "is not proportional to the needs of this case because it is not limited in scope to the time period or the treatment relevant to this case, and seeks information for time outside the statute of limitations." (Id.)

First, as to HIPAA, individuals generally possess the right to obtain copies of their own medical records. 45 C.F.R. § 164.524(a)(1). However, pursuant to 45 C.F.R. § 164.524(a)(2)(ii):

> A covered entity that is a correctional institution or a covered health care provider acting under the direction of the correctional institution may deny, in whole or in part, an inmate's request to obtain a copy of protected health information, if obtaining such copy would jeopardize the health, safety, security, custody, or rehabilitation of the individual or of other inmates, or the safety of any officer, employee, or other person at the correctional institution or responsible for the transporting of the inmate.

Id. (emphasis added). Based on its plain language, this exception does not impose a blanket ban on dissemination of health

8

information to inmates, but rather authorizes withholding such information in circumstances where its dissemination would present a danger to the inmate or others. See id. Here, Defendants offer no support for their conclusory assertion that "[r]eleasing a copy of Plaintiff's medical record while Plaintiff remains incarcerated would jeopardize the health, safety, security, custody, or rehabilitation of the individual or other inmates, or the safety of officers, employees, and others." (Docket Entry 36 at 2.) As such, the Court rejects Defendants' HIPAA-based discovery objection. See Fed. R. Civ. P. 34(b)(2)(B) (mandating that parties "state with specificity the grounds for objecting to the request [for production of documents], including the reasons").

Next, in regard to Defendants' treatment contention, the Court notes that the Complaint did not limit Plaintiff's allegations to one discrete medical condition or instance of undelivered medical care. (See Docket Entry 2, ¶ V.) Instead, the Complaint alleges ongoing failure to provide requested treatment for "back and digestive problems," as well as associated pain, and requested "copies of sick calls and medical grievances that [Plaintiff] ha[s] filed." (Id.) Moreover, Defendants do not contend that producing Plaintiff's "'complete medical records'" (Docket Entry 36 at 1)[3]

---

[3] Defendants' quotations of Plaintiff's document production requests differ in language but not in substance from the requests that Plaintiff describes in his various filings to the Court. (Compare Docket Entry 36 at 1 ("Plaintiff is requesting, 'The complete medical records from the time of my incarceration (October

9

imposes any undue burden or expense on them.  (See id. at 1-2.)  In these circumstances, the Court concludes that the entire range of Plaintiff's medical records — rather than a treatment-specific subset — qualifies as relevant to Plaintiff's claim and proportional to the needs of this case.

Finally, Defendants assert that Plaintiff's request impermissibly "seeks information that is barred by the statute of limitations" and "covers a period three years prior to when Plaintiff himself asserts his health problems began."  (Id. at 2 (observing that Plaintiff's health problems allegedly began in 2013).)  The statute of limitations does not provide a hard-and-fast boundary for purposes of defining the scope of permissible discovery.  See Fed. R. Civ. P. 26(b)(1); see also, e.g., Byard v. Verizon W. Va., Inc., No. 1:11cv132, 2013 WL 30068, at *11-13 (N.D. W. Va. Jan. 2, 2013) (rejecting defendants' objection to discovery prior to "the earliest date for statute of limitations [purposes, namely] May 29, 2009," and instead "limit[ing] the temporal scope

---

7, 2010) through and including the date of your response to this request.'"), and id. at 3 ("Plaintiff also requests, 'All rules, regulations, and policies related to the medical treatment of inmate housed in the Hoke County Detention Center and under the care of Southern Health Partners.'"), with, e.g., Docket Entry 34 at 1 (requesting "Health Records of [Plaintiff] from October 7th, 2010 to present[, and a]ny policy, rules, and regulations for the medical treatment of inmates at Hoke County Detention Center").) Although Defendants provide no citations for their quotations, presumably they obtained these references from one of the "multiple written request[s] for these documents" that Plaintiff "submitted" to Defendants (Docket Entry 34 at 1).

10

of the [discovery to] . . . [t]he earliest of five years prior to May 29, 2009 or five years prior to the earliest date that [the d]efendants . . . began the [challenged] practice").

In addition, Defendants themselves introduced the issue of Plaintiff's health at the start of his incarceration (in 2010) into this litigation. (See Docket Entry 18-2 at 1-2 (averring that, "prior to his incarceration at the Hoke County Detention Center, [Plaintiff] suffered a gunshot wound in October 2010").) Furthermore, Plaintiff's earlier medical records logically may contain information relevant to his deliberate indifference claim, particularly given Defendants' contention that Plaintiff suffered a gunshot injury in the week preceding his incarceration.

In sum, the Court overrules Defendants' objections to the medical records request.

### C. Policies and Rules Request

In addition to his medical records, Plaintiff seeks information regarding Defendants' rules and policies for treating Hoke County Detention Center inmates. (See Docket Entry 34 at 1.) Defendants oppose this request on confidentiality and proportionality grounds. (See Docket Entry 36 at 3.)[4]

---

4 Defendants also assert that "the requested material is protected by HIPAA, as described above." (Id.) Notably, 45 C.F.R. § 164.524 governs only an individual's "right of access to . . . protected health information about the individual." 45 C.F.R. § 164.524(a)(1). Defendants fail to explain the relevance of this provision to the requested policies, rules, and regulations. (See Docket Entry 36 at 2-3.) Accordingly, the Court overrules

11

In particular, "Defendants object because its [sic] policies and rules are confidential, proprietary, and/or trade secrets." (Id.) If Defendants possessed concerns about the confidentiality of the requested information, they remained free to seek a protective order from the Court or a confidentiality agreement with Plaintiff that would have limited dissemination of any confidential commercial information, but they lacked authority to unilaterally withhold the requested documents. See, e.g., Patrick v. Teays Valley Trs., LLC, 297 F.R.D. 248, 263 (N.D. W. Va. 2013) ("Defendant is free to seek a protective order to protect its proprietary information, but this is not a valid reason to withhold production."), aff'd sub nom. Patrick v. PHH Mortg. Corp., 298 F.R.D. 333 (N.D. W. Va. 2014); see also Innovative Therapies, Inc. v. Meents, 302 F.R.D. 364, 382 (D. Md. 2014) ("To address [the party's] confidentiality concerns, the appropriate remedy would be a confidentiality stipulation limiting use of the information, rather than preventing its production altogether."). Defendants, however, opted not to pursue such options, even in the face of the Motion to Compel. (See generally Docket Entries dated July 20, 2015, to present; see also Docket Entry 36 (lacking any request for confidentiality restrictions or representation that Plaintiff had refused to accept such measures).)

---

Defendants' HIPAA-based objection. See Fed. R. Civ. P. 34(b)(2)(B).

12

Moreover, even in opposing the Motion to Compel, Defendants only recite the elements of a trade secret in support of their confidentiality contention. (Compare Docket Entry 36 at 3, with N.C. Gen. Stat. § 66-152(3) (defining "Trade secret" under the North Carolina Trade Secrets Protection Act).) Such conclusory arguments would not justify any sort of protective order, much less the blanket withholding of materials. See, e.g., Martin v. Bimbo Foods Bakeries Distribution, LLC, 313 F.R.D. 1, 6 (E.D.N.C. 2016) ("A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden."); Innovative Therapies, 302 F.R.D at 381 (explaining, in evaluating discovery motion, that party "has not made a strong showing that it has historically sought to maintain the confidentiality of th[e requested] information," and rejecting its "conclusory statement" regarding confidentiality as "self-serving and insufficient"). The Court therefore rejects Defendants' confidentiality objection.

Finally, Defendants object that "[a] request for *all* rules, regulations, and policies is not tailored in any way to the claims herein." (Docket Entry 36 at 3 (emphasis in original).) The Court finds merit in this objection and will limit this request accordingly. Specifically, the Court will order Defendants to produce all rules, regulations, and policies for the medical

13

treatment of Hoke County Detention Center inmates that are relevant to Plaintiff's claim or any defense Defendants may offer, including any rules, policies, or regulations regarding, <u>inter alia</u>, (i) treatment of back, digestive, or pain issues, (ii) the provision of medical records, (iii) responses to medical complaints and treatment requests, (iv) treatment by specialists, and (v) conditioning treatment on payment of medical expenses.

## **CONCLUSION**

Defendants impermissibly withheld some discovery sought by Plaintiff, and thus the Court grants in part the Motion to Compel.[5]

---

5 If, upon receipt and review of the produced discovery, Plaintiff concludes in good faith that information contained therein warrants exploration via further discovery, he may file a motion, on or before September 23, 2016, requesting leave to conduct such discovery, notwithstanding the discovery deadline of September 6, 2016. Any such motion shall describe in detail the specific additional discovery Plaintiff would conduct and the nature and source of information from the discovery produced by Defendants in response to this Order that led Plaintiff to seek further discovery. Lastly, where (as here) the Court grants in part and denies in part a motion to compel, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In this case, the Court exercises its discretion not to order any such apportionment, given the fact that Plaintiff (by proceeding pro se) has not incurred any attorney's fees in connection with the Motion to Compel, as well as the fact that, although Plaintiff obtained most of the relief he sought, certain of Defendants' unsuccessful arguments, such as its temporal and treatment-related objections to Plaintiff's medical records request, appear substantially justified. <u>See generally</u> Fed. R. Civ. P. 37(a)(5)(A)(ii) & (iii) (prohibiting expense-shifting, even in cases where a litigant succeeds entirely as to a motion to compel, if "the opposing party's . . . objection was substantially justified" or if "other circumstances make an award of expenses unjust").

**IT IS THEREFORE ORDERED** that the Motion to Compel (Docket Entry 34) is **GRANTED IN PART** and **DENIED IN PART** as follows: on or before September 2, 2016, Defendants shall produce to Plaintiff (i) Plaintiff's complete medical records for the period of his incarceration, and (ii) any rules, policies, or regulations for the medical treatment of Hoke County Detention Center inmates that are relevant to Plaintiff's claim or any defense that Defendants may offer.

This 19th day of August, 2016.

> /s/ L. Patrick Auld
> **L. Patrick Auld**
> **United States Magistrate Judge**